IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**MICHAEL S. GORBEY,**

    **Plaintiff,**

**v.**                                                           **Civil Action No.2:08cv121**
                                                                        **(Judge Maxwell)**

**UNITED STATES OF AMERICA;**
**UNITED STATES POSTAL SERVICE;**
**JON THOMA, Postmaster;**

    **Defendants.**


**Report and Recommendation**


On December 12, 2008, the plaintiff initiated this action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On January 5, 2009, the plaintiff was granted permission to proceed *in forma pauperis* and was relieved of prepayment of the initial filing fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In his complaint, the plaintiff alleges that on January 1, 2008, three packages of mail arrived at the post office in Brandywine, WV. The plaintiff claims that he tried on several

1

occasions to have the packages delivered to him while incarcerated and, after those attempts failed, attempted to have the packages delivered to the Public Defender's Office located in Washington, D.C. The plaintiff also claims that while the packages were at the post office in Brandywine, WV, Defendant Thoma allowed them to be inspected by several people. He alleges that the packages sat in Defendant Thoma's care for six (6) months. Plaintiff then claims that on August 8, 2008, he received a receipt saying that the packages had been forwarded to his place of incarceration, but that he was not provided with a receipt of who actually received these items. He claims that the receipts show that Defendant Thoma forwarded the packages on July 7, 2008, and that he has not yet received them from the jail. Finally the plaintiff claims that he has repeatedly tried to obtain copies of the records of the shipment from Defendant Thoma and has continually been denied. The plaintiff is claiming that he has been illegally deprived of his property and is requesting $1,650,000 in relief.

## II. **Standard of Review**

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R.Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

## III. Analysis

### A. The United States of America and the United States Postal Service

A Bivens cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, the plaintiff's claims against the United States and the United States Postal Service must be dismissed.

### B. Postmaster Jon Thoma

The plaintiff claims that Defendant Thoma intentionally deprived him of his property by not delivering his mail, allowing people to inspect his mail, and not providing him with copies of the shipping receipts. "To establish a property interest protected by the due process clause, the plaintiff must demonstrate that the Constitution, a federal statute or state statute grants him or her

a protected right." Helmbright v. Davis, No. 5:04cv69, 2006 WL 1376896 * 8 (N.D.W.Va. 2006). "Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process, while conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Id. quoting County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998). Therefore, the plaintiff must show that he was intentionally injured by the alleged conduct.

In the case at bar, the plaintiff has alleged no facts that would tend to show that Defendant Thoma was acting with an intent to deprive him of his property. He has made no allegation other than that he did not receive his packages. He was provided with a receipt of when these packages were shipped, but not with a receipt of who received these packages. Once the packages are shipped, Defendant Thoma no longer had control over them. The receipt states that the packages were forwarded to the institution where the plaintiff was incarcerated. The plaintiff also provides nothing more than the mere allegation that Defendant Thoma allowed his packages to be illegally inspected while they were in his possession. "[A]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by the plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted). For the above stated reasons, the plaintiff has failed to state a claim against Defendant Thoma and he must, therefore, be dismissed from this action.

**IV. Recommendation**

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 29, 2009

/s/ James E. Seibert
JAMES E. SEIBERT

UNITED STATES MAGISTRATE JUDGE